OPINION
This is an appeal from a decision of the Licking County Court of Common Pleas, Juvenile Division committing Greg M. Wilson, a minor child to the custody of the Ohio Department of Youth Services. On December 11, 2000 such child was brought before the Court for a determination as to his being a delinquent child due to an allegation of an offense of domestic violence committed against his mother and sister. Gregory Wilson admitted to the delinquency charge after an explanation of his rights. No claim on appeal is being made as to his admission having been knowingly and voluntarily made. Such child previously, on two occasions, was found to be delinquent due to domestic violence. The background of the offense as to the case sub judice was striking his mother in the stomach and pulling his sister's hair in anger. The sole Assignment of Error is as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN COMMITTING THE MINOR CHILD HEREIN TO THE CUSTODY OF THE OHIO DEPARTMENT OF YOUTH SERVICES.
This Assignment is predicated on the guiding principles outlined in R.C. 2151.01, particularly as to keeping the particular child in a family environment, whenever possible, and separating from parents only when necessary for his welfare or in the interests of public safety. In other words an abuse of discretion by the Court is asserted. We disagree with such Assignment of Error. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was reasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Under the authority of R.C.2151.355 (A) (4) the trial court had authority to issue the determination made after consideration of the evidence before it. This Court cannot substitute its judgment for that of the trial Judge unless such decision was as stated in Blakemore, unreasonable, arbitrary or unconscionable. We find that nothing in the record indicates the Court acted in such manner.
The decision of the Licking County Common Pleas Court, Juvenile Division is affirmed.
 ___________ Boggins, J.
Edwards, P.J. and Wise, J. concur.